# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   **Plaintiff,**   vs.   **DOUGLAS LYNN VANDERSLICE, JR.,**   **Defendant.** | **CR 21-36-BLG-SPW**   **ORDER** |

Before the Court is Defendant Douglas Lynn Vanderslice, Jr.'s Motion *in Limine*, filed August 31, 2021. (Doc. 19). The United States responded in opposition on September 22, 2021. (Doc. 25). Vanderslice filed his reply on October 7, 2021. (Doc. 32). The Motion is deemed fully briefed and ripe for adjudication. For the following reasons, the Court grants Vanderslice's Motion.

## I.     RELEVANT BACKGROUND

The United States charged Vanderslice with one count of Unlawful Drug User in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3). The charged

1

conduct references a traffic stop on February 19, 2020, where law enforcement discovered a small baggie of marijuana in Vanderslice's pocket and a firearm in the trunk of his vehicle.

In discovery, the United States produced court documents referencing a 2005 Kansas conviction for Conspiracy to Commit Sale, Delivery or Distribution of Methamphetamine within 1,000 Feet of School Property. Vanderslice was 19 years old when he pled guilty to the charge. Vanderslice now moves to exclude reference to this 2005 conviction from trial as irrelevant and unduly prejudicial.

## II.   LEGAL STANDARD

A motion *in limine* "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). District courts have broad discretion to make evidentiary rulings conducive to the conduct of a fair and orderly trial. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). This discretion includes determinations of relevancy and weighing the probative value of proffered evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *BNSF Ry. Co. v. Quad City Testing Lab., Inc.*, 2010 WL 4337827, at *1 (D. Mont. 2010) (citation omitted). Finally, rulings on motions in limine are provisional and

"not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Id.* (citation omitted).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401(a-b). Relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice, among other things. Fed. R. Evid. 403. The Rule 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015). A district court's Rule 403 determination is subject to great deference by a reviewing court. *Lloyd*, 807 F.3d at 1152.

### III.  DISCUSSION

An Unlawful Drug User in Possession of a Firearm charge requires the Government to prove that "the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm." *United States v. Purdy*, 264 F.3d 809, 813 (9th Cir. 2001). Vanderslice argues that the Government cannot use his 2005 conviction to

3

demonstrate a consistent and prolonged drug use because it is irrelevant to the current charge and unduly prejudicial.

The Government concedes that reference to the 2005 conviction itself would be inappropriate as a prior bad act and states that it does not intend to offer the conviction as substantive evidence. *See* Fed. R. Evid. 404(b). However, the Government asserts it may still introduce documentation from the 2005 conviction, such as a 2004 affidavit stating that Vanderslice's home smelled of burnt marijuana, to demonstrate Vanderslice's prolonged drug use. The Government also cites an encounter with law enforcement in 2012 involving a dismissed user/possession of drug charge and an incident in 2016 involving the alleged possession of hallucinogenic drugs. The Government seeks to use documents from these cases, such as affidavits and reports, to question witnesses about Vanderslice's drug use and habits.

The Court agrees with Vanderslice that evidence from these prior convictions, even if the convictions themselves are not introduced, is irrelevant and unduly prejudicial. As Vanderslice points out, the Code of Federal Regulations defines an unlawful user as:

> A person who uses a controlled substance and has lost the power of self-control with reference to the use of controlled substance; and any person who is a current user of a controlled substance in a manner other than as prescribed by a licensed physician. Such use is not limited to

4

the use of drugs on a particular day, or within a matter of days or weeks before, but rather that the unlawful use has occurred recently enough to indicate that the individual is actively engaged in such conduct. A person may be an unlawful current user of a controlled substance even though the substance is not being used at the precise time the person seeks to acquire a firearm or receives or possesses a firearm. An inference of current use may be drawn from evidence of a recent use or possession of a controlled substance or a pattern of use or possession that reasonably covers the present time, e.g., *a conviction for use or possession of a controlled substance within the past year; multiple arrests for such offenses within the past 5 years if the most recent arrest occurred within the past year*; or persons found through a drug test to use a controlled substance unlawfully, provided that the test was administered within the past year....

27 CFR § 478.11 (emphasis added). The Government has not provided evidence of a conviction involving a controlled substance within the previous year. The evidence referenced relates to Vanderslice's activity in 2005, 2012, and 2016. As such, the CFR does not support the use of evidence from these law enforcement interactions.

Further, the Court finds that the remoteness in time of this conduct renders the evidence irrelevant and unduly prejudicial. The Government is required to prove that "the defendant took drugs with regularity, over an extended period of time, *and contemporaneously with his purchase or possession of a firearm.*" *Purdy*, 264 F.3d at 813 (emphasis added). While the evidence cited may have some relevance to the question of Vanderslice's drug use in 2005, 2012, and 2016, the Court fails to see how it has any relevance to Vanderslice's drug use in 2020, at the

5

time of the charged offense. Information that Vanderslice may have illegally used controlled substances does not establish that he was using those substances five years later. In *Purdy*, the Government put on witnesses describing the defendant's drug use in the years leading up the date of the charged conduct but also describing defendant's use of controlled substances just days prior to his arrest. 264 F.3d at 810-11. There is no evidence here connecting Vanderslice's conduct between 2005 and 2016 to the charged conduct in 2020. Therefore, the Court finds the evidence irrelevant and inadmissible.

Finally, the introduction of evidence from at least five years prior to the charged conduct risks prejudicing the Defendant by inviting the jury to infer that Vanderslice's conduct then shaped his conduct in 2020. The Court simply cannot see how conduct from 2005 to 2016 connects to February 19, 2020 and the Government has presented no further evidence convincing the Court otherwise. Therefore, Vanderslice's motion is granted, and the Government is precluded from introducing any evidence concerning the Defendant's 2005, 2012, and 2016 drug-related charges and convictions.

### IV. CONCLUSION

IT IS HEREBY ORDERED that Defendant Douglas Lynn Vanderslice, Jr.'s Motion *in Limine* is **GRANTED**.

The Clerk of Court is directed to notify counsel of the making of this Order.

DATED this ___8th___ day of November, 2021.

                                                 */s/ Susan P. Watters*
                                                 SUSAN P. WATTERS
                                                 United States District Judge